CRAIN, Judge.
The matter before us involves a tort claim by the appellant, Morris Quiett, against the alleged insurer of Wayne Tucker. At the time of the accident appellant was employed by The Livingston Roofing Company who was sub-contracting a job for Charles Carter and Company, *883 Inc. Wayne Tucker was an employee of Charles Carter and Company, Inc. Appellant claims that he received personal injuries while on the job resulting; from negligent conduct on the part of Wayne Tucker. Charles Carter and Company, Inc., although originally named a defendant herein, was dismissed from the suit.
Aetna Casualty and Surety Company, the alleged insurer of Wayne Tucker, filed a motion for summary judgment contending that under its policy with Charles Carter and Company, Inc. it does not afford coverage to the defendant, Wayne Tucker, under the circumstances in which the claim arose. The pleadings indicate that the accident allegedly occurred when Wayne Tucker was operating a backhoe in the course of his employment, and swung the backhoe in such a manner that it struck plaintiff-appellant causing the injuries.
In deciding the motion for summary judgment, the trial court examined the policy in question and found that it affords two basic types of liability coverages for Charles Carter and Company, Inc. and its employees — -(1) Comprehensive automobile liability coverage and Comprehensive general liability coverage. The trial court held that the employee, Tucker, while operating the backhoe, was not insured under these provisions of the policy and therefore there is no coverage. We feel the trial court was correct.
In order to afford coverage under the comprehensive automobile liability provisions of the policy, it is necessary that the equipment being used meet the definition of “automobile”. The definition of “automobile” under the general provisions of the policy specifically excludes “mobile equipment”. It then becomes important to determine what equipment is included in the definition of “mobile equipment”. The following provision of the policy is relevant to that determination:
“mobile equipment” means a land vehicle (including any machinery or apparatus attached thereto), .... (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the named insured . . . . (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type) ; graders, scrapers, rollers and other road construction or repair equipment, . . .” (emphasis added)
From the record we find no affidavit which would raise a question as to the inclusion of the backhoe apparatus under either Section 3 or 4 of the above provision. We find no manifest error in the trial court’s conclusion that the backhoe is classified as mobile equipment under the policy and therefore excluded from coverage as an automobile under the comprehensive automobile liability coverage afforded in the policy.
The trial court also held there is no coverage afforded under the comprehensive general liability provisions of the policy. We agree. Under part two of that coverage there is a listing of the persons insured under these provisions of the policy. Any persons not included as a person insured under these provisions are excluded from coverage. The pertinent provisions are as follows:
“Each of the following is an insured under this insurance to the extent set forth below:
(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,
(i) an employee of the named insured while operating any such equipment in the course of his employment. ...”
*884 The trial court found that since the accident did not occur during the operation of the backhoe for the purpose of locomotion on a public highway, that no coverage is afforded. From examination of the record we see no allegations that Tucker was operating the backhoe on a public highway. In fact, plaintiff alleges that the accident occurred when the backhoe was being used to rescue plaintiff’s truck from where it was stuck in the mud.
The trial court was correct in granting the motion for summary judgment, and we affirm the decision, all costs to be paid by plaintiff-appellant.
Affirmed.